# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIO CORTEZ LOPEZ,<br><br>             Petitioner,<br><br>     v.<br><br>MICHAEL L. BENOV,<br><br>             Respondent.<br>_____/ | 1:12-cv-00334-AWI-BAM (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on March 5, 2012. Petitioner contends he is "actually innocent" of the sentencing enhancement because under the rule announced in United States v. Bridgeforth, 441 F.3d 864, 872 (9th Cir. 2006) his prior conviction is a misdemeanor under California law.

Petitioner was convicted and sentenced in the United States District Court for the District of Oregon. He is currently serving a mandatory minimum term of twenty years pursuant to 21 U.S.C. § 851, based on a prior California drug conviction.

Petitioner filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Oregon. The motion was denied on

1  December 9, 2004 in case number 01-60021-2-HO of which this Court takes judicial notice.[1] In

2  that motion, Petitioner raised alleged his "counsel was constitutionally deficient in failing to (1)

3  advise him whether to accept two plea offers, [fn] (2) argue that his prior conviction was not a

4  felony, and (3) argue that the court enhanced his sentence in violation of his Sixth Amendment

5  right to trial by jury.  He further allege[d] the court enhanced his sentence in violation of [his]

6  Sixth Amendment right." ECF. No. 187, at 1, in Case No. 01-60021-2-HO.

7  　　　　On April 13, 2005, the District Court granted a certificate of appealability as to whether

8  Petitioner's counsel was ineffective and whether his due process rights were violated.

9  　　　　On August 29, 2006, the United States Court of Appeals for the Ninth Circuit affirmed

10  the District Court's decision.

11  　　　　On August 30, 2007, Petitioner filed a motion for reconsideration of the Court's order

12  denying his motion to vacate or correct his sentence under 28 U.S.C. § 2255.  The motion for

13  reconsideration was denied on July 14, 2008.  The District Court specifically held:

14  　　　　Relying on Rules 60(b)(4) and (6) of the Federal Rules of Civil Procedure,
defendant requests that the court "reconsider its prior judgment entered on
15  December 9, 2004, denying his [initial] § 2255 motion[,]" Defendant
characterizes United States v. Bridgeforth, 441 F.3d 864, 872 (9th Cir. 2006) as
16  intervening authority for the proposition that his prior conviction was a
misdemeanor under California law.  The government contends, inter alia, that
17  defendant's motion is an uncertified second or successive motion to vacate, set
aside or correct sentence.
18
　　　　The motion lacks the certification required by Section 2255(h).  Defendant
19  states no ground for relief under Rules 60(b)(4) and (6).  The judgment is not
void.  Bridgeforth is not an intervening opinion.  The court issued the opinion
20  months before it submitted defendant's appeal from the order holding that counsel
was not deficient for failing to argue that his prior conviction was a misdemeanor.
21  In essence, defendant asks this court to overturn the judgment of the court of
appeals that his prior conviction was not a misdemeanor.
22

23  ECF. No. 198, at 1-2, in Case Number 01-60021-2-HO.

24  　　　　On October 17, 2011, the Ninth Circuit Court of Appeals denied Petitioner's application

25

---

26  　　　[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in
another case.  See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another
27  tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting
that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 741, 744 n.1
28  (9th Cir. 1984) (citing examples of judicially noticed public records).

for authorization to file a second or successive motion in the district court. ECF. No. 203, in Case Number 01-60021-2-HO.

## JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is

insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir. 1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

As previously stated, Petitioner filed a § 2255 petition in the United States District Court for the District of Oregon which was denied on the merits, and Petitioner's motion for reconsideration in light of the Ninth Circuit's decision in United States v. Bridgeforth, 441 F.3d 864 (9th Cir. 2006), was also denied. Petitioner has sought and been denied authorization to file a second or successive petition pursuant to § 2255. To the extent Petitioner is attempting to argue that his only remedy is to pursue his claim by way of a habeas corpus petition under § 2241 because the Ninth Circuit has denied him authorization to file a second or successive motion, his argument fails. Section 2241 "is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255 merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of § 2255." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).

Furthermore, Petitioner has failed to demonstrate that his claims qualify under the saving clause of section 2255 because his claims are not proper claims of "actual innocence." In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954.

In this case, Petitioner does not assert that he is factually innocent of the crime for which he was convicted. Rather, he claims that, for sentencing purposes, he does not have the requisite qualifying prior conviction which subjected him to mandatory enhancement. Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which

he has been convicted, not the sentence imposed.  See Ivy v. Pontesso, 328 F.3d, 1057 1060 (9th Cir. 2003); Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction.")  Based on the foregoing, the Court finds that Petitioner has not demonstrated Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims.  Accordingly, Section 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DISMISSED; and

2. The Clerk of Court be directed to enter judgment, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 14, 2012**            /s/ **Barbara A. McAuliffe**
                                                  UNITED STATES MAGISTRATE JUDGE